IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-02673-CMA-NYW

TIMOTHY KUZAVA, *as assignee of Eric Kubby and Lyon Trucking Inc.,* and
KATHY JO KUZAVA, *as assignee of Eric Kubby and Lyon Trucking Inc.*,

    Plaintiffs,

v.

UNITED FIRE & CASUALTY COMPANY,

    Defendant.

---

# ORDER AFFIRMING IN PART AND REJECTING IN PART RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Nina Y. Wang (Doc. # 36), wherein she recommends that the Court grant Defendant's Rule 12(b)(1) Motion to Dismiss Plaintiffs' Amended Complaint or, in the Alternative, Motion to Stay Proceedings (Doc. # 12). Plaintiffs timely filed an Objection to Magistrate Judge Wang's Recommendation on March 19, 2018 (Doc. # 37), to which Defendant responded on April 2, 2018 (Doc. # 38).

The Court has conducted a *de novo* review of this matter, including all relevant pleadings, the Recommendation, Plaintiffs' Objection thereto and Defendant's Response. The Court affirms the Recommendation's conclusion that Plaintiffs' claims are unripe.

# I. BACKGROUND

This case stems from a car accident between Timothy and Kathy Jo Kuzava (collectively, "Plaintiffs") and Eric Kubby. (Doc. # 7 at ¶ 5.) At the time of the accident, Mr. Kubby was operating a truck owned by Lyon Trucking, Inc.; both Mr. Kubby and Lyon Trucking were insured by United Fire & Casualty Company ("United" or "Defendant"). (Doc. # 12 at 2.) Following the accident, Plaintiffs brought personal injury claims against Mr. Kubby and Lyon Trucking in the District Court of Eagle County, Colorado (the "Underlying Action"). (*Id.*) In compliance with the insurance policy, United agreed to defend Mr. Kubby and Lyon Trucking (collectively, "Insureds"), in the Underlying Action. (*Id.*)

The Underlying Action was scheduled for trial beginning June 20, 2016, (Doc. # 12-4), but, on May 27, 2016, Insureds entered into a Change of Venue Agreement and Assignment of Claims with Plaintiffs (the "Agreement"). (Doc. # 12-5.) In the Agreement, Plaintiffs and Insureds acceded to a number of terms including that (1) they would change venue and arbitrate the claimed damages before a neutral fact-finder; (2) Insureds would assign to Plaintiffs the rights and interests in any and all present and future claims under the Policy against United; and (3) Plaintiffs would not execute or enforce any judgment resulting from the arbitration against Insureds. (*Id.* at 3–4.) Subsequent to the Agreement, Plaintiffs filed an unopposed Motion to Change Venue and Vacate the Trial Date, which was granted on June 3, 2016. (Doc. # 12-6.)

On June 20, 2016, United moved to intervene in the Underlying Action as a matter of right to bar the arbitration proceedings. (Doc. # 12 at 3.) United also sought

injunctive and declaratory relief including: (1) a stay of the pending arbitration; (2) a declaration that the Agreement was invalid and void as contrary to public policy; and (3) a declaration that it owed no further defense or indemnification obligations to Insureds. (Doc. # 12-8.)

Plaintiffs and Insureds nevertheless went forward with arbitration on July 11, 2016. (Doc. # 12 at 4.) During the arbitration proceeding, United provided a defense to Insureds, but it did not participate as a party. (*Id*.) The arbitration proceedings resulted in an award of more than $3,000,000 for Plaintiffs. (*Id.*) The Eagle County District Court subsequently entered judgment on May 1, 2017, and denied United's Motion to Intervene as moot on May 4, 2017. (Doc. # 12-11.)

On June 16, 2017, Defendant filed an appeal of the denial of its Motion to Intervene in the Underlying Action, which is currently pending before the Colorado Court of Appeals. (Doc. # 12-12.) In the appeal, Defendant also seeks reversal of the judgment, contending that "reversal of the district court's ruling on [Defendant's] motion to intervene alone is not an adequate remedy[.]" (Doc. # 38 at 6.)

Plaintiffs, in their capacity as assignees of Insureds, initiated the present action by filing a complaint against Defendant in state court on September 6, 2017. (Doc. # 1-1.) Plaintiffs assert two claims against Defendant: (1) breach of insurance contract, and (2) bad faith. (Doc. # 7.) On November 8, 2017, Defendant invoked diversity jurisdiction to remove the action to this Court. (Doc. # 1.) On November 15, 2017, Defendant filed a Rule 12(b)(1) Motion to Dismiss or, in the Alternative, Motion to Stay Proceedings. (Doc. # 12.)

In the 12(b)(1) Motion, Defendant seeks dismissal of both the breach of contract and bad faith claims, arguing that they are not ripe for judicial review because of Defendant's pending appeal in the Underlying Action. (Doc. # 12 at 6.) Defendant contends that, if it wins the appeal and the Colorado Court of Appeals finds Defendant's intervention should have been granted prior to the arbitration, then "[that] proceeding and the result thereof will be void as to [Defendant;]" moreover, "all proceedings in this Court (which are based upon the Award) will [also] be nullified." (*Id.*)

In response to Defendant's Motion, Plaintiffs contend that the injuries on which their bad faith and breach of contract claims are based occurred upon entry of judgment. (Doc. # 22.) Therefore, Plaintiffs argue, Defendant's appeal and the final outcome of the Underlying Action are irrelevant to the ripeness of their claims. (*Id.*)

Now before the court is the Recommendation of Magistrate Judge Wang wherein she agrees with Defendant that Plaintiffs' claims are unripe. (Doc. # 36.) Magistrate Judge Wang, therefore, recommends that the Court grant Defendant's Motion to Dismiss and dismiss Plaintiffs' Complaint without prejudice, or, in the alternative, that the Court stay the proceedings.

## II.     STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." Plaintiff has filed an Objection to the Recommendation, essentially challenging the Recommendation in its entirety. (Doc. # 37.) The Court will therefore

4

conduct a de novo review of the issues. In so doing, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* Any arguments raised for the first time in objections are deemed waived and need not be considered. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

### III. RIPENESS

The question of whether a claim is ripe "bears on the court's subject matter jurisdiction under the case and controversy clause of Article III of the United States Constitution." *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1498–99 (10th Cir. 1995). Therefore, a ripeness challenge, "like other challenges to a court's subject matter jurisdiction, is treated as a motion to dismiss under Rule 12(b)(1)." *Id*. at 1499. "When assessing ripeness, [courts] must 'evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" *Utah v. U.S. Dep't of the Interior*, 210 F.3d 1193, 1196 (10th Cir. 2000) (quoting *Abbott Lab. v. Gardner*, 387 U.S. 136, 149 (1967)). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (quotations omitted). In short, the "[r]ipeness doctrine addresses a *timing* question: *when* in time is it appropriate for the court to take up the asserted claim." *Kansas Judicial Review v. Stout*, 519 F.3d 1107, 1116 (10th Cir. 2008) (quoting *ACORN v. City of Tulsa*, 835 F.2d 735, 738 (10th Cir. 1987) (quotation omitted)).

Under Federal Rule of Civil Procedure 12(b)(1), "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond the allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests" (a factual attack). *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)). When reviewing a facial attack, a court takes the allegations in the complaint as true, but, when reviewing a factual attack, the court does not presume the truthfulness of the complaint's factual allegations and may consider affidavits or other documents to resolve jurisdictional facts. *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995). "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

## A. BAD FAITH[1]

### 1. Law

A bad faith tort liability cause of action begins to accrue "on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." Colo. Rev. Stat. § 13-80-108(1).

---

[1] The Court conforms to the format of Magistrate Judge Wang's Recommendation and Defendant's Reply to the instant motion, addressing Plaintiff's bad faith claim first despite the order in which the claims are pleaded in the Amended Complaint.

2. <u>Analysis</u>

Plaintiffs bring a third-party bad faith claim against Defendant.[2] Specifically, Plaintiffs allege that Defendant acted in bad faith by failing to (1) settle Plaintiffs' claims for the policy limit; (2) indemnify Insureds; and (3) properly investigate the claim by Plaintiffs and defend Insureds. (Doc. # 7 at ¶ 43.) Defendant seeks dismissal of the entirety of this claim, arguing that Plaintiffs' bad faith claim is not ripe for judicial review because of Defendant's pending appeal in the Underlying Action. (Doc. # 12 at 6.) Magistrate Judge Wang agreed with Defendant and found that Plaintiffs bad faith claims "are not ripe until the final judgment is entered and non-appealable." (Doc. # 36 at 17.)

Plaintiffs, essentially reiterating the arguments of their Reply, raise two objections to the Recommendation. First, Plaintiffs contend that, under "Colorado law, it is the entry of judgment in excess of policy limits alone, and not any finality of judgment, that causes (and in fact establishes) the tort damages…" (Doc. # 37 at 3.) Second, Plaintiffs argue that, even if the bad faith refusal to settle claim is unripe, the other bad faith claims—bad faith failure to investigate Plaintiffs' claims and to defend Insureds—are ripe. (*Id.* at 6.)

---

[2] Colorado recognizes bad faith tort liability with regard to an insurance contract in two contexts, first-party and third-party, depending on the type of benefit the insured is seeking to enforce. *Farmers Grp., Inc., v. Williams*, 805 P.2d 419, 421 (Colo. 1991). When the insurer delays or refuses to make payments owed directly to its insured under the insurance policy, the insured may bring a first-party claim. *Goodson v. Am. Standard Ins. Co.*, 89 P.3d 409, 414 (Colo. 2004). Third-party bad faith claims, in contrast, arise from the insurer's duty to defend the insured against third-party actions. *Farmers,* 805 P.2d at 421.Therefore, when an insured brings a claim against his insurance company for acting unreasonably in investigating, defending, or settling a claim brought by a third person against the insured under a liability policy, that is a third-party claim. *Goodson*, 89 P.3d at 414.

First, the Court disagrees with Plaintiffs' representation of the case law. In support of their contention that a final, non-appealable judgment is unnecessary for a bad faith claim to accrue because "mere entry of [an excess] judgment gives rise to a claim[,]" Plaintiffs cite *Nunn v. Mid-Century,* 244 P.3d 116 (Colo. 2010). Plaintiffs reliance on *Nunn* is misplaced. In *Nunn,* the court considered the enforceability of a stipulated judgment against an insurer that was coupled with a covenant not to execute against the insured. *Id.* at 122. Under the rule as it was announced prior to the Colorado Supreme Court's review, a covenant not to execute would have prevented an insured from being able to bring a bad faith claim; the insured, as a result of the covenant, would never be subjected to an excess judgment and, therefore, not have damages, an essential element of establishing bad faith claim. *Id.* at 121. The Colorado Supreme Court found that such a rule made "the covenant[s]… without value because… the insured cannot maintain a bad faith claim against its insurer" and "[was therefore] inconsistent with our recognition that an insured may take affirmative steps to avoid the potentially disastrous effects of its insurer's bad faith." *Id*. at 121–22. In short, *Nunn* established merely that insureds can use covenants not to execute to protect themselves from insurers' bad faith because, and that even if an insured is protected by a covenant not to execute, he nevertheless can establish the damages element to bring an action against his insurer. *Id.* at 123. Indeed, the Supreme Court emphasized the narrow nature of the *Nunn* holding in another opinion: "in *Nunn* [our] holding was limited to satisfaction of the damages element of a bad faith claim." *Travelers Prop. Cas. Co. of*

*Am. v. Stresscon Corp.*, 370 P.3d 140. *Nunn* does not address ripeness and therefore does not support Plaintiffs' arguments.

*Vanderloop v. Progressive Cas. Ins. Co.*, relied on by Magistrate Judge Wang, is analogous to the present case. 769 F.Supp. 1172 (D.Colo. 1991). In *Vanderloop*, the insured, Mr. Vanderloop, brought a third-party bad faith claim against his insurance company for failing to settle the negligence action brought against him, thereby exposing him to an excess judgment. *Id.* at 1173. When the insurer moved to dismiss Mr. Vanderloop's claim as barred by the statute of limitations, the court considered whether the bad faith failure to settle claim accrued upon entry of the original judgment, as argued by the insurer, or if it accrued later, when the judgment was affirmed on appeal. *Id*. at 1174–75. The *Vanderloop* court found that "when…the economic injury alleged is the actual imposition of an excess liability judgment on the insured, the harm or damages element of the bad faith tort claim necessarily remains uncertain and speculative until final judgment on appeal either establishes that exposure or dissolves any liability." *Id*. at 1175.

Because the *Nunn* holding is unrelated to ripeness, it does not supersede *Vanderloop*. Nor is *Vanderloop* outdated, as argued by Plaintiffs. Indeed *Vanderloop* represents "the majority rule of courts in other states" and is controlling here. *Connelly v. State Farm Mut. Auto. Ins. Co.*, 135 A. 3d 1271, 1276-77 (Del. 2016) (compiling cases). The Court accordingly finds that Plaintiffs' injury cannot be known and their bad faith failure to settle claim, in turn, cannot accrue until Defendant's appeal in the

Underlying Action "either establishes [the excess] exposure or dissolves any liability." *Vanderloop,* 769 F.Supp. at 1175.[3]

Second, the Court finds meritless Plaintiffs' argument that the bad faith failure to investigate and defend claims are nevertheless ripe because the injuries "occur[ed] completely separate from the ultimate verdict and tortuously [sic] induce[ed] stress." (Doc. # 37 at 2.) In support of this contention, Plaintiffs cite *Brodeur v. American Home Assurance Co.*, 169 P.3d 139, 148 (Colo. 2007), claiming, "Colorado law expressly holds that damages from failure to provide for the defense of a claim are not dependent upon entry of a subsequent 'final judgment.'" (Doc. # 37 at 6.) Plaintiffs' reliance on *Brodeur* is misplaced and their characterization of its holding is inaccurate. *Brodeur,* unlike the instant case, was a first-party bad faith claim based on an insurer's failure to provide benefits to the insured. *Brodeur*, 169 P.3d at 148. Indeed, the *Brodeur* court expressly addressed this distinction in its opinion:

> *Vanderloop* is distinguishable from the facts of the instant case, while being consistent with both section 13-80-108(1) and our holding here. In *Vanderloop*, the injury was not "known" in accordance with section 13-80-108(1) until the final judgment in another action exposed the plaintiff to excess liability. However, the injury alleged here was not dependent on the outcome of any other action. The injury underlying Petitioner's bad faith tort claims was the fact that Brodeur did not receive medical treatment in a timely manner. This injury occurred regardless of the ultimate outcome in the workers' compensation proceeding.

---

[3] In their Response to the Motion to Dismiss and in their Objections to the Recommendation, Plaintiffs fail to address whether their bad faith failure to indemnify claim should be dismissed. (Doc. ## 22, 37.) Nevertheless, the Court finds the foregoing reasoning is equally applicable to the bad faith failure to indemnify claim and which is likewise unripe. Because the damages and the outcome of the Underlying Action are not yet final and unappealable, Defendant's liability in the Underlying Action is also uncertain and therefore unfit or judicial review. *See Texas*, 523 U.S. at 300. ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.")

*Id.*

Here, Plaintiffs are not alleging Defendant refused to provide insurance coverage to Insureds (a first-party claim). Rather, Plaintiffs are alleging bad faith in Defendant's handling of the Underlying Action against the Insured (a third-party claim).[4] Therefore, *Brodeur's* holding, which addresses only a first-party claim, is inapposite.

Although in *Vanderloop* the insured did not bring bad faith claims for failure to investigate and defend, the Court finds its reasoning is nevertheless instructive. Plaintiffs' bad faith claims for failure to investigate and defend, like the bad faith failure to settle a claim, depend on the outcome in the Underlying Action and are based on the injury of the excess judgment. *See, e.g.,* (Doc. # 7 at ¶ 47) ("As a direct result of United Fire's bad faith conduct, [Insureds] have suffered injuries … including but not limited to the amounts of the judgments against them.") As the Court previously noted, the excess judgment and the outcome of the Underlying Action are not yet final as a result of Defendant's pending appeal. Accordingly, the Court agrees with Magistrate Judge Wang's finding that all of Plaintiffs' bad faith claims are not ripe.[5] (Doc. # 36 at 17.)

---

[4] Plaintiffs, without citation to case law, contend, "[a]s Plaintiffs are standing in the shoes of the signee insureds, the magistrate's distinction that *Brodeur* occurred in a first-party context is simply not relevant to the question of what damages are cognizable and when they occur." (Doc. # 37 at 2.) Such assertion misunderstands the difference between first- and third-party bad faith insurance claims.

[5] The Court is also not persuaded by Plaintiff's argument regarding the meaning of "final judgment." *See* (Doc. # 37 at 9.) As the case law clearly states, a judgment must be final **and** non-appealable for a third-party bad faith claim to accrue. *See e.g., Vanderloop*, 769 F.Supp. at 1175; *Connelly*, 135 A.3d at 1276.

**B. BREACH OF CONTRACT**

1. <u>Law</u>

A claim for breach of contract accrues when "the breach is discovered or should have been discovered by the exercise of reasonable diligence." Colo. Rev. Stat. § 13-80-108(6).

2. <u>Analysis</u>

Plaintiffs allege that Defendant "breached the [insurance] contract by failing and refusing to indemnify [Insureds] for any portion of the judgment entered against them in the Underlying Lawsuit." (Doc. # 7 at ¶ 39.) Defendant contends that "[the breach of contract] claim is necessarily premature where the judgment underlying [the] alleged breach of contract is challenged on appeal." (Doc. # 12 at 12.) Magistrate Judge Wang agreed with Defendant and recommended dismissal of Plaintiff's breach of contract claim. In their Objection to the Recommendation, Plaintiffs do not specifically address the breach of contract claim; instead they reiterate their contention that that the entry of the judgment, and not the finality of judgment, causes the tort damages. (Doc. # 37 at 3.) Plaintiffs argue that their claims are therefore ripe regardless of the pending appeal in the Underlying Action. *Id.*

The duty to indemnify arises only when the policy actually covers the harm and typically cannot be determined until the resolution of the underlying claims. *Auto-Owners Ins. Co. v. High Country Coatings, Inc.* 261 F. Supp. 3d 1129, 1134 (D. Colo. 2017) (citing *Hecla Min. Co. v. New Hampshire Ins. Co.*, 811 P.2d 1083, 1086 (Colo. 1991) (observing that the duty to indemnify becomes ripe only after liability of the

insured in the underlying action has been determined)). As Defendant notes, if the Colorado Court of Appeals vacates the trial court decision, the judgment that forms the basis for this action could be vacated. *See Blair v. Fred Loya Insurance Co.*, No. 15-cv-02397-CMA-KLM, 2015 WL 9487979 at *2 (D. Colo. Dec. 10, 2015), *report and recommendation adopted*, No.15-cv-02397-CMA-KLM, 2015 WL 9459720 (D. Colo. Dec. 28, 2015). As a result of Defendant's appeal, the damages and Defendant's liability in the Underlying Action are undetermined and not yet finalized. Accordingly, the Court agrees with Magistrate Judge Wang and finds that Plaintiffs' breach of contract claim is unripe. *See Morgan v. McCotter*, 365 F.3d 882, 890–91 (10th Cir. 2004).

## IV. CONCLUSION[6]

Based on the foregoing reasoning, it is hereby ORDERED that the Recommendation of United States Magistrate Judge Wang (Doc. # 36) is ADOPTED IN PART and REJECTED IN PART.

It is ADOPTED insofar as it concludes that Plaintiffs' claims are unripe and therefore unfit for judicial review.

The remainder of the Recommendation is REJECTED.

---

[6] In supplemental briefing, Plaintiffs contend that if the Court were to accept Defendant's argument that the claims are unripe, it would be divested of diversity jurisdiction. (Doc. # Magistrate Judge Wang found this concern to be meritless and Plaintiffs, in the Objection, did not contest nor address this finding. (Doc. ## 36, 37.) There is no dispute that Defendant satisfied its initial burden to prove that it is possible that $75,000 is in play. "[A]ll challenges to subject-matter jurisdiction premised upon diversity of citizenship [are to be measured] against the state of facts that existed at the time of filing…" *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004). Accordingly, the Court agrees with Magistrate Judge Wang and finds that "because the amount in controversy was satisfied at the time of removal, the disposition of Defendant's Motion to Dismiss [will not] effect the [C]ourt's subject matter jurisdiction." (Doc. # 36 at 8.)

It is FURTHER ORDERED that Defendant's Motion to Dismiss (Doc. # 12) is GRANTED. Plaintiffs' claims are DISMISSED WITHOUT PREJUDICE in their entirety.

DATED: July 31, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge